IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE Y. LINDSAY,          ) | |
| )                            | 4:07CV3265 |
| Plaintiff,         ) | |
| )                            | |
| v.                          ) | |
| )                            | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER  ) | |
| OF THE SOCIAL SECURITY       ) | |
| ADMINISTRATION,              ) | |
| )                            | |
| Defendant.         ) | |
| )                            | |

   This matter is before the court on Connie Y. Lindsay's ("plaintiff") motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Filing No. 22. Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and ordering the defendant to award the plaintiff benefits. Filing No. 17. Thereafter, plaintiff filed this motion for attorney fees with an accompanying affidavit and supporting documents. Filing No. 22. Plaintiff's attorney, Warren L. Reimer, requests compensation for 34.6 hours of attorney time, for a total of $5,877.85. The defendant filed a response stating that it does not object to the award of attorney fees in this amount, nor does the defendant object to the payment of the attorney fees directly to the plaintiff's attorney. Filing No. 26.

   The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir.

2004) (citing 28 U.S.C. § 2412(d)(1)(A),(2)(B)).  Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified.  *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citing 28 U.S.C. § 2412(d)(1)(A)).  To establish substantial justification, the Commissioner must show the denial had a "reasonable basis in law and fact."  *Id.*; *Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988).  The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust.  *Goad*, 398 F.3d at 1025.

After carefully reviewing the record and, in particular, the itemized amounts set forth by counsel, and the affidavit of plaintiff's attorney, Warren L. Reimer, the court concludes the reported 34.6 hours of work spent on this case is reasonable.  *See* Filing No. 22, Attachments 1 & 2.  Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed.  This court's previous order granted the plaintiff's motion to reverse the ALJ's final decision, thereby establishing the requirement that defendant was not substantially justified.  *See* Filing No. 17.

Accordingly, where the plaintiff was a prevailing party, the court finds that an award of attorney fees in the amount of $5,877.85 is reasonable and warranted.  The defendant will be ordered to pay the fees directly to the plaintiff's attorney.  *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008) (holding that "EAJA attorneys' fees are awarded to prevailing parties' attorneys.").

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 22, is granted.  Plaintiff's attorney, Warren L. Reimer, is awarded attorney fees in the amount of $5,877.85.

DATED this 13th day of April, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge